NOT FOR PUBLICATION                                    CASE CLOSED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HENRY RAUL SCHMIDT, *et als.* <br><br> Plaintiffs, <br><br> v. <br><br> SANDRA RIVERA and WILLIE RIVERA, <br><br> Defendants. | Civil Action No. 07-5297 (SDW) <br><br><br> **OPINION AND ORDER** <br><br> November 14, 2007 |

**WIGENTON**, District Judge.

Before this Court is Plaintiff Henry Raul Schmidt's *pro se* Complaint and application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, on behalf of himself and his four infant children, Jon Raul Jr., Henry Raul Jr., Gabrielle and Valencia, (collectively "Plaintiff") against Defendants Sandra and Willie Rivera (collectively "Defendants").

The Court, having considered Plaintiff's submissions and for the reasons set forth below, **DENIES** Plaintiff's application to proceed *in forma pauperis*, and **DISMISSES** Plaintiff's Complaint with prejudice as frivolous under U.S.C. 1915(e)(2) and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

I.      **FACTS and PROCEDURAL HISTORY**

Although Plaintiff's Complaint is ambiguous, cryptic and practically unintelligible and illegible as drafted, Plaintiff apparently claims that Defendants, as former caretakers of his child Henry Paul Jr., made false and malicious complaints to the Division of Youth and Family

1

Services ("DYFS") regarding Plaintiff's care of Henry Paul Jr. upon Plaintiff's termination of Defendants' child care services. (Pl.'s Compl. 18.) Plaintiff further claims he filed unspecified criminal charges against Defendants in both New York and New Jersey in 2001 for which Defendants failed to appear. (Pl.'s Compl. 25-26.) According to Plaintiff, Defendants failure to appear resulted in bench warrants for their arrest to issue which are still pending. (Pl.'s Compl. 27.) In a purportedly retaliatory move, Plaintiff contends Defendants filed criminal charges against him for harassment in an unspecified criminal forum in 2002. (Pl.'s Compl. 28.) Subsequently, Plaintiff's son Henry Paul Jr. was forcibly taken away from him by DYFS and local police for undisclosed reasons. (Pl.'s Compl. 8.) The New York Post ("NYP") newspaper putatively reported on the foregoing events on November 4, 2002, for which Plaintiff takes issue despite his not naming anyone from the NYP as a party to the case. (Pl.'s Compl. 30.) Plaintiff now petitions this Court to issue Federal "criminal arrest warrants" for the Defendants and the NYP journalists who wrote the alleged article so that they may be "arrested and prosecuted to the fullest extent of the law." (Pl.'s Compl. 31.) The Court takes notice, however, that Plaintiff has referenced (although not plead) alleged claims for violation of his Fifth and Eighth Amendment Rights. (Pl.'s Compl. 4.)

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 1915(a), a federal court may authorize the commencement of a civil lawsuit without prepayment of the requisite fees provided that a plaintiff submits to the court documentation demonstrating that she or he is unable to pay such fees. The court may deny an application to proceed *in forma pauperis* if plaintiff fails to submit or answer the required financial information or fails to demonstrate entitlement to *in forma pauperis* relief.

Pursuant to 28 U.S.C. § 1915(e)(2), the court may deny an application to proceed *in forma pauperis* if the underlying complaint is frivolous. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Plaintiff in the instant matter has provided no financial information or records other than denoting his unemployed status and that he has no apparent savings, cash or assets. Plaintiff, however, failed to answer several required questions on his *in forma pauperis* application, specifically with regard to when he became unemployed, the amount of his salary and take-home pay, the name of his former employer and all requested dependent information. Therefore, Plaintiff does not qualify for *in forma pauperis* relief and his application is denied.

Assuming the Court were to grant Plaintiff's application for *in forma pauperis* relief, Plaintiff's claims are subject to dismissal as frivolous and for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the Plaintiff. Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). The court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). A complaint should be dismissed "only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Trump, 140 F.3d at 483. While the complaint is to be construed in the light most favorable to the plaintiff, the

court need not accept the plaintiff's legal conclusions or draw unwarranted factual inferences. Lewis v. ACB Bus. Serv., Inc., 135 F.3d 389, 405-06 (6th Cir. 1998). *Pro se* complaints are to be interpreted liberally, and should only be dismissed for failure to state a claim when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (citing Haines v. Kerner, 404 U.S. 519, 520-521 (1972)).

In the present case, as Plaintiff's claims are frivolous, his requested relief is beyond the purview of this Court and he can prove no set of facts under which he is entitled to the relief on any of his claims, Plaintiff's Complaint is **DISMISSED** with prejudice.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* is **DENIED** pursuant to 28 U.S.C. § 1915, and Plaintiff's Complaint is **DISMISSED** in its entirety with prejudice as frivolous under U.S.C. 1915(e)(2) and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The Clerk of the Court shall remove this case from the Court's active docket.

**SO ORDERED.**

s/Susan D. Wigenton, U.S.D.J.